## McCosh, Appellant, v. Jones & Laughlin Steel Company.

*Negligence—Master and servant—Platforms about machinery—Guards—Act of May 2, 1905, P. L. 352, Sec. 11—Assumption of risk—Judgment for defendant n. o. v.*

1. The Act of May 2, 1905, P. L. 352, Section 11, requiring machinery to be properly guarded, does not require that a platform, built for the purpose of giving workmen a place on which to stand when performing work about a furnace, and which has nothing to do with the operation of the furnace, be equipped with guard-rails, and the absence of a guard-rail will not render the employer liable to a workman for damages resulting from his fall from the platform, under the provisions of the said act.

2. Where a workman, standing on a movable platform, which was not equipped with a guard-rail, attempted to adjust one of the boards with a hook and in so doing fell from the platform and sustained personal injuries, it was apparent that the dangers of the situation were known to him and that he voluntarily assumed the risk, and cannot recover in an action against his employer.

Argued Oct. 12, 1915.   Appeal, No. 49, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, No. 1900, for defendant n. o. v., in case of Marshall K. McCosh, v. Jones & Laughlin Steel Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of EVANS, J., sur defendant's motion for judgment n. o. v.:

There is practically no dispute in the facts of this case.   The plaintiff, Marshall K. McCosh, was an employee of the Jones & Laughlin Steel Company.   At the time of the injury complained of, a part of his duties was to assist in the opening of an open hearth furnace and drawing the molten metal therefrom.   The furnace was what is known as a Talbot furnace.   A spout projected from the furnace, the end of which was closed by some sort of compound of clay, and when the metal was ready to be drawn, this spout was opened by the plaintiff and one other employee.   The furnace was not stationary, but tilted, as the metal was being drawn off through the spout, and therefore this spout passed through an arc in the emptying of the furnace.   The spout was distant several feet from the ground, and in order to perform the work, a platform was built around the spout.   Because of the presence of the spout, the fact that it was movable, the platform at the place where the spout was attached to the furnace consisted of two movable leaves which, when not in use, were laid back upon the stationary part of the platform, and, when in use, were laid out in such a position as not to interfere with the movements of the furnace.

The two men in opening the furnace stood on the movable part of this platform.   The companion of the plaintiff at the time of the accident had gone for some tool to aid them in opening the furnace.   The plaintiff observed that the part of the platform upon which his companion

had been standing had slipped out of its place, and he took a hook of some kind and reached over to put it back in place. In doing so, the hook slipped and he fell off the platform onto the ground. There was no guard-rail on the outside of the platform to prevent a person on the platform from falling off onto the ground. The situation was well known to the plaintiff and there is no contention in this case on his part that if the only negligence of the defendant be the negligence at common law in not furnishing his employees a reasonably safe place to work, then the plaintiff knew the risk and assumed it. But it is contended by him that the situation in this case is governed by the Factory Act of May 2, 1905, P. L. 352, the eleventh section of which provides as follows: "The owner or person in charge of an establishment where machinery is used shall provide belt-shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys. Whenever practicable, all machinery shall be provided with loose pulleys. All vats, pans, saw, planers, cogs, gearing, belting, shafting, setscrews, grindstones, emery-wheels, fly-wheels, and machinery of every description shall be properly guarded." And it is contended by the plaintiff that this platform came under the designation of machinery. The platform was in no way attached to the Talbot furnace and had nothing to do with the operation of the furnace, except to furnish the employees with a place on which they could stand when working upon that part of the furnace, which was above the ground.

There is no significance in this case in the fact that the particular part of the platform upon which the plaintiff was standing at the time was movable, because the fact that it was movable and not stationary in no way changed the character of the platform or increased the risk. It is difficult to see how a platform built solely for the purpose of giving to workmen a place on which to stand when performing their work is in any sense machinery. If the situation of a machine required that a

simple boardwalk be built upon which the employee could stand in performing his work, although this was practically on the ground, it might be just as readily held that if the workman slipped off that boardwalk and sprained his ankle that the absence of a guard made the employer liable for damages under the provisions of the Factory Act of 1905.

The Talbot furnace may be machinery within the provisions of that act, but the platform is not a part of the furnace. It has nothing to do with the operation of the furnace, except furnishing the employee a place on which to stand. He might have used a stepladder and performed the same work.

Plaintiff has cited a case tried in this court at No. 253, July Term, 1911, in which Judge FRAZER allowed a recovery for a plaintiff injured while standing upon a platform similar to the one in this case, but the facts of the case were entirely different. In the case of Lynch v. Jones & Laughlin Steel Company, above referred to, the man had his foot injured by the movement of the furnace, and the absence of the guard complained of in that case was the guard which would have kept his foot from coming in contact with the moving furnace, which I take it is entirely different from the present situation where the only purpose of the guard was to keep him from falling off the platform onto the ground. The absence of the guard in that case was the absence of a guard between the workman and the dangerous machinery, and unquestionably comes within the Factory Act. There are many definitions for machinery, but in none of which is included the platform upon which a workman stands while operating the machinery.

Verdict for plaintiff for $3,223.08; the court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*H. S. McKinley,* for appellant.

*William A. Challener,* with him *Clarence Burleigh,* for appellee.

PER CURIAM, January 3, 1916:

The judgment in this case is affirmed on the concise and clear opinion of the learned judge below directing it to be entered.